Christopher M. LEECAN

v.

**Larry MEACHUM, Commissioner of Correction.**

Civ. No. 2–92–399 (WWE).

United States District Court, D. Connecticut.

March 24, 1993.

G.F. Luca, Lepine & Serrano, Gabriel R. Serrano, West Hartford, CT, for plaintiff.

Christopher M. Leecan, pro se.

James A. Killen, Office Of The Chief St. Atty., Wallingford, CT, for defendant.

### RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Respondent, the Commissioner of Correction, has moved to dismiss the petition pursuant to Rule 9(b) of the Rules Governing Habeas Corpus Proceedings under 28 U.S.C. § 2254. For the reasons set forth below, the motion to dismiss will be granted.

### Facts

In June 1982, petitioner Christopher Leecan was convicted of murder following a jury trial in the Connecticut Superior Court for the Judicial District of New Haven. On appeal, the Connecticut Supreme Court affirmed the conviction 198 Conn. 517, 504 A.2d 480. Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on June 16, 1986.

In February 1987, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut. The petitioner was represented by counsel in pursuing this federal petition. The petition alleged that the prosecutor's cross-examination of him at trial regarding his post-arrest silence violated his Fifth Amendment right against compelled self-incrimination, his Fourteenth Amendment right to due process, and his Sixth Amendment right to counsel. In addition, the petition alleged that the jury instructions on reasonable doubt violated his due process rights. The district court denied the writ of habeas corpus. On appeal, the Second Circuit affirmed the district court's ruling. *Leecan v. Lopes,* 893 F.2d 1434 (2d Cir.1990).

In November 1987, while his federal habeas petition was pending, petitioner filed another petition for a writ of habeas corpus. This petition was filed in the Connecticut Superior Court for the Judicial District of Tolland. Petitioner was represented by

counsel in pursuing this petition. The November petition raised a challenge to the jury array selection procedure in effect at the time of his criminal trial. This was the first time petitioner had ever asserted this claim. After several days of hearings, the state habeas court denied the petition.

Petitioner appealed this decision, and his appeal was consolidated with thirty other state habeas appeals presenting similar challenges to the state jury selection statute.[1] On appeal, the Connecticut Supreme Court refused to reach the merits of petitioner's jury array claim because he failed to pursue it at his criminal trial in a timely fashion, as required by Connecticut Practice Book § 811, and failed to show cause for the procedural default. *Johnson v. Commissioner*, 218 Conn. 403, 589 A.2d 1214 (1991).

In June 1992, petitioner filed a second federal habeas petition, which is the subject of this motion to dismiss. The June petition attempts to assert the same equal protection argument as his state habeas petition. Specifically, petitioner alleges that he was denied equal protection of the laws, in violation of the Fourteenth Amendment, because African Americans were systematically excluded from petitioner's jury array.

### Discussion

■ Rule 9(b) of the Rules Governing Habeas Corpus Proceedings provides:

> A second or successive petition may be dismissed ... if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Under this rule, the government bears the burden of pleading abuse of the writ with clarity and particularity. Once the government meets this burden, the petitioner bears the burden of proving he has not abused the writ. *Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948).

■ The Supreme Court in *McCleskey v. Zant*, 499 U.S. 467, ———–———, 111 S.Ct. 1454, 1468–71, 113 L.Ed.2d 517 (1991), clarified the standard for determining whether a petitioner has abused the writ. In that case, the Court held that "the same standard used to determine whether to excuse state procedural defaults should govern the determination of" whether a petitioner has abused the writ by inexcusably neglecting to raise his new claims in a prior habeas petition. Thus, the standard for determining whether to excuse a state procedural default or whether to dismiss a habeas petition for abuse of the writ is the so called "cause and prejudice" standard. Under this standard, the petitioner must show cause for failing to raise his claims at an earlier proceeding and actual prejudice arising therefrom, or show that a failure to consider his claim will result in a fundamental miscarriage of justice. If the district court determines as a matter of law that the petitioner cannot satisfy the cause and prejudice standard, then no evidentiary hearing is required.

■ Because the government has clearly articulated its accusation of abuse of the writ, the petitioner bears the burden of showing cause for his failure to raise his jury array claim in his first federal habeas petition and prejudice arising therefrom. Although the precise definition of cause is not settled, the Supreme Court has delineated three circumstances constituting sufficient cause for habeas review of a claim not raised in a prior proceeding. Cause may be found when a petitioner can show that an objective factor external to the defense impeded counsel's efforts to assert the claim earlier. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Cause also may be found when a petitioner's claim is "so novel that its legal basis [was] not reasonably available to counsel" at an earlier proceeding. *Reed v. Ross*, 468 U.S. 1, 15, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). Finally, cause may be found when trial counsel's failure to raise the federal claim constituted ineffective

---

1. The thirty odd petitions for writs of habeas corpus were filed in the wake of the Second Circuit's ruling in *Alston v. Manson*, 791 F.2d 255 (2d Cir.1986), *cert. denied*, 479 U.S. 1084, 107 S.Ct. 1285, 94 L.Ed.2d 143 (1987), which held that Connecticut's jury selection statute, Conn.Gen.Stat. § 51–220, violated the equal protection clause of the Fourteenth Amendment to the United States Constitution.

assistance of counsel under the Sixth Amendment. *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991), *reh'g denied,* —— U.S. ——, 112 S.Ct. 27, 115 L.Ed.2d 1109 (1991).

■ After careful review, it is clear that petitioner cannot show cause for failing to raise his claim in an earlier proceeding. First, petitioner has failed to show that an objective factor prevented him from raising his challenge to the jury array at trial or during his first federal habeas proceeding. His decision not to await the outcome of his state habeas proceeding before pursuing his federal habeas proceeding does not constitute an objective impediment. *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1468.

Second, petitioner has failed to show that his claim was so novel that its legal basis was not reasonably available to him during his first federal habeas proceeding. Indeed, petitioner was litigating his jury array claim in his state habeas proceeding at the same time he was pursuing other claims in his first federal habeas proceeding. In addition, many other defendants were litigating the same claim as petitioner at the time of his first federal petition. A claim cannot be considered novel where it was perceived and litigated by other defendants at the time. *Engle v. Isaac,* 456 U.S. 107, 132–33 and n. 41, 102 S.Ct. 1558, 1574 and n. 41, 71 L.Ed.2d 783 (1982). Moreover, there is a one hundred year history of challenges to jury arrays at the federal and state level. *See Castaneda v. Partida,* 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); *Cassell v. Texas,* 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950); *Norris v. Alabama,* 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935); *Neal v. Delaware,* 103 U.S. 370, 26 L.Ed. 567 (1880); *Strauder v. West Virginia,* 100 U.S. 303, 25 L.Ed. 664 (1879); *State v. Townsend,* 167 Conn. 539, 356 A.2d 125 (1975), *cert. denied,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975); *State v. Villafane,* 164 Conn. 637, 325 A.2d 251 (1973); *State v. Cobbs,* 164 Conn. 402, 324 A.2d 234 (1973). Therefore, petitioner cannot assert that his challenge to the jury array was too novel to have been asserted in his first federal habeas petition.

■ Third, petitioner has failed to assert or demonstrate that counsel who represented him on his first federal habeas petition was ineffective. Moreover, there is no constitutional right to counsel in a federal habeas proceeding, and an attorney error in such a proceeding cannot constitute cause to excuse the petitioner's default. *Coleman,* —— U.S. at ——, 111 S.Ct. at 2568.

■ Because petitioner has failed to show cause for his procedural default, it is unnecessary to determine whether his counsel's performance prejudiced petitioner. When a petitioner has failed to show cause, however, habeas relief still may be granted if there is a showing that a fundamental miscarriage of justice might occur in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. In this case, petitioner has not alleged that he is actually innocent or that the jury array selection process prevented the development of true facts at trial. Therefore, petitioner has failed to show facts which would justify habeas review of his claim.

### *Conclusion*

For the reasons set forth above, the motion to dismiss [15–1] is GRANTED.